IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAURENCE MAURICE HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-114-GMS |
| | ) | |
| ELIZABETH FRIZELL, Judge, and LUPE VALDEZ, Sheriff, | ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.     BACKGROUND**

Pending before the court is petitioner Lawrence Maurice Hill's ("Hill") emergency petition for writ of habeas corpus ("petition"). (D.I. 1) Hill contends his imprisonment in the Tarrant County Jail in Fort Worth, Texas is illegal, and he asks the court to order his immediate release. (D.I. 1 at 2-3)

**II.    STANDARD OF REVIEW**

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

**III.   DISCUSSION**

After reviewing the face of the petition, the court concludes that summary dismissal is appropriate in this case. Hill is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or

conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Therefore, the court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss Hill's habeas for lack of jurisdiction. The court also declines to issue a certificate of appealability because Hill has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

April 18, 2016
DATE

UNITED STATES DISTRICT JUDGE